IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JENNIFER DAVIDSON,<br><br>Plaintiff,<br><br>vs.<br><br>(1) PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | 14-CV-32-KEW<br><br>COMPLAINT<br>(Unlawful Debt Collection Practices)<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Jennifer Davidson, and for her Complaint against Defendant, Portfolio Recovery Associates, LLC, alleges as follows:

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") to eliminate abusive debt collection practices by debt collectors, collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Sallisaw, County of Sequoyah, Oklahoma.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Norkfolk, VA.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. For the last several years, Defendant has been placing collections calls to Plaintiff seeking and demanding payment for a debt purportedly incurred in 1994, purportedly owed to Providian National Bank. According to the Defendant, the last payment made by Plaintiff was in

1996. Defendant apparently purchased the account after the statute of limitations has already passed, in 2001.

11. On November 7, 2013, Plaintiff wrote a certified letter to Defendant, demanding that Defendant stop contacting her regarding this legally unenforceable debt.

12. Defendant received Plaintiff's demand to stop contact on December 16, 2013.

13. Defendant wrote plaintiff on December 17, 2013, stating that it had received her letter and advised Plaintiff that it would no longer be pursuing the debt.

14. Despite the foregoing, Defendant continued to repeatedly call Plaintiff at her home, sometimes twice per day, seeking and demanding payment on the time-barred debt. These calls made by Defendant to Plaintiff, include, but are not limited to, calls placed on 12/24/13, 12/29/13, 1/2/14, 2 calls on 1/6/14, and 1/8/14.

15. Plaintiff called Defendant on January 9, 2014, and requested the amount sought by Defendant. After investigating the account, Defendant's employee responded that Plaintiff still had an account balance with Defendant regarding the above-referenced debt.

16. Defendant's repeated calls to Plaintiff after her reasonable request for the calls stop, have caused plaintiff actual damage, including embarrassment and fear that the calls would never stop.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a) Defendant violated §1692c(c) of the FDCPA by continuing to call and communicate with Plaintiff after receipt of a request by the consumer to cease communication;

and

b)    Defendant violated §1692e(2) of the FDCPA by falsely representing the amount of the debt on January 9, 2014, after having previously communicated to Plaintiff that the account balance and amount owed was $0.

**WHEREFORE**, Plaintiff, Jennifer Davidson, respectfully prays that judgment be entered against Defendant, Portfolio Recovery Associates, LLC, for the following:

a)    Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b)    Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c)    Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k;

and

d)    Any other relief that this court deems to be just and proper.

Respectfully Submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
PARAMOUNT LAW
4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
victor@paramount-law.net